UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID YANOFSKY, | |
| Plaintiff, | |
| v. | Civil Action No. 16-951 (KBJ) |
| UNITED STATES DEPARTMENT OF COMMERCE, | |
| Defendant. | |

**DEFENDANT'S MOTION FOR AN EXTENSION OF TIME
TO FILE RESPONSIVE PLEADING,
AND MEMORANDUM OF POINTS AND AUTHORITY IN SUPPORT THEREOF**

Pursuant to Fed. R. Civ. P. 6(b), Defendant United States Department of Commerce ("DOC"), on behalf of its bureau the International Trade Administration ("ITA") and itself, by and through undersigned counsel, respectfully moves for leave to file its Answer to the Plaintiff's Complaint one day after the due date of July 15, 2016.

In support of this Motion, Defendant states as follows:

**BACKGROUND**

1. Pursuant to the Court's Minute Order of June 23, 2016, Defendant's Answer to Plaintiff's Complaint was due on Friday, July 15, 2016.

2. In the afternoon on Friday, July 15, 2016, undersigned counsel became unexpectedly very ill and temporarily incapacitated, preventing her from filing the Answer before the midnight deadline.

3. On Saturday, July 16, 2016, Defendant's counsel contacted Plaintiff's counsel to advise her of the reason the Answer was not filed and to ask for Plaintiff's consent to this Motion. Plaintiff has graciously consented to the relief requested in this Motion.

1

4. Granting this motion will not impact any other deadlines in this matter.

5. Pursuant to Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure, the Court may grant extensions of time after-the-fact. See Fed. R. Civ. P. 6(b)(1)(B) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time: ... (B) on motion made after the time has expired if the party failed to act because of excusable neglect."). The determination of whether a failure to timely file a document is excusable in a particular case so as to warrant an enlargement of the time for the filing rests with sound discretion of district court. See Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner, 101 F.3d 145, 151–52 (D.C. Cir. 1996) (district court has broad discretion in the management of its docket consistent with concerns of the Supreme Court and Congress "for the fair and efficient administration of justice").

WHEREFORE, based on the foregoing, Defendant respectfully requests the Court grant it an extension of time to file its responsive pleading. A proposed order is attached and Defendant's Answer is attached as Exhibit A.

Dated: July 16, 2016        Respectfully submitted,

CHANNING D. PHILLIPS, D.C. Bar No. 415793
United States Attorney

DANIEL F. VANHORN, D.C. Bar No. 924092
Chief, Civil Division

By: /s/ *April Denise Seabrook*
APRIL DENISE SEABROOK, D.C. Bar No. 993730
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
Telephone: 202-252-2525
Email: April.Seabrook@usdoj.gov

COUNSEL FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 16th day of July that service of the foregoing *DEFENDANT'S MOTION FOR AN EXTENSION OF TIME TO FILE RESPONSIVE PLEADING* has been made on counsel of record through the Court's ECF system.

    /s/ *April Denise Seabrook*
APRIL DENISE SEABROOK
D.C. Bar No. 993730
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
Telephone: 202-252-2525
Email: April.Seabrook@usdoj.gov