# Exhibit A

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID YANOFSKY, | \| |
| | \| |
| Plaintiff, | \| |
| | \| |
| v. | \|    Civil Action No. 16-951 (KBJ) |
| | \| |
| UNITED STATES DEPARTMENT | \| |
| OF COMMERCE, | \| |
| | \| |
| Defendant. | \| |
| | \| |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant United States Department of Commerce ("DOC"), on behalf of its bureau the International Trade Administration ("ITA") and itself, by and through undersigned counsel, respectfully submits the following *Answer and Affirmative Defenses* to Plaintiff David Yanofsky's ("Plaintiff") *Complaint For Declaratory And Injunctive Relief* ("Complaint"):

## AFFIRMATIVE DEFENSES

FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

Defendant denies each and every allegation contained in the Complaint except as hereinafter expressly admitted.

THIRD AFFIRMATIVE DEFENSE

Defendant has not improperly withheld any records under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

1

FOURTH AFFIRMATIVE DEFENSE

Plaintiff has not alleged sufficient factual and/or legal bases for his request for costs and/or attorney's fees.

FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any relief beyond that set forth under FOIA, and the Court lacks subject matter jurisdiction over Plaintiff's requests for relief that exceeds the relief authorized under FOIA.

SIXTH AFFIRMATIVE DEFENSE

To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant's responses may refer to such materials for a full and accurate statement of its contents; however, Defendant's references are not intended to be, and should not be construed as, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff or (b) are relevant to this, or any other, action.

SEVENTH AFFIRMATIVE DEFENSE

There is no provision under the Freedom of Information Act for obtaining declaratory relief.

EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint should be dismissed because the claims are moot.

NINTH AFFIRMATIVE DEFENSE

The Consolidated and Further Continuing Appropriations Act, 2016, Pub. L. No. 114–1113, 129 Stat. 2286-7 (2015) ("Consolidated Appropriations Act for 2016"), is a fee setting statue that supersedes the fees chargeable under the FOIA.[1]

TENTH AFFIRMATIVE DEFENSE

Defendant respectfully requests and reserves the right to amend, alter, and/or supplement the defenses contained in this answer as the facts and circumstances giving rise to the Complaint become known to it through the course of the litigation.

## RESPONSES TO NUMBERED PARAGRAPHS

Defendant responds to the Complaint in like-numbered paragraphs as follows:

1.      The first clause of Paragraph 1 contains Plaintiff's characterization of this civil action pursuant to the Freedom of Information Act ("FOIA"), which requires no response. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1.

2.      The first sentence of Paragraph 2 contains Plaintiff's characterization of his Complaint, which requires no response.  The second sentence of Paragraph 2 consists of a legal conclusion to which no response is required. To the extent the second sentence of Paragraph 2 could be interpreted as containing any allegations of fact, the allegations are denied.  Defendant avers that it has never made a demand to Plaintiff for $173,775.

---

[1] This section of the Consolidated Appropriations Act for 2016 provides that:

> the provisions of the first sentence of section 105(f) and all of section 108(c) of the Mutual Educational and Cultural Exchange Act of 1961 (22 U.S.C. 2455(f) and 2458(c)) shall apply in carrying out these activities; and that for the purpose of this Act, contributions under the provisions of the Mutual Educational and Cultural Exchange Act of 1961 shall include payment for assessments for services provided as part of these activities.

Pub. L. No. 114–1113, 129 Stat. 2286-7 (2015).

**PARTIES**[2]

3.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3.  To the extent that this paragraph cites to articles allegedly authored by Plaintiff, Defendant avers that the cited materials speak for themselves and Defendant respectfully refers the Court to those materials for a full and accurate statement of their contents.

4.      Admitted, except Defendant lacks knowledge or information sufficient to form a believe as to the truth of the allegations that it has "possession, custody, and/or control" of the specific information that "Plaintiff seeks".

**JURISDICTION AND VENUE**

5.      The allegations in Paragraph 5 are Plaintiff's legal conclusions regarding jurisdiction, to which no response is required.

6.      The allegations in Paragraph 6 are Plaintiff's legal conclusions regarding venue, to which no response is required.

**FACTS**

7.      Defendant admits only  that Plaintiff emailed a FOIA request dated February 26, 2016 ("February 2016 Request") which was not received by ITA until March 29, 2016; Defendant avers that the February 2016 Request speaks for itself and respectfully refers the Court to the February 2016 Request for a full and accurate statement of its contents.

8.      Defendant denies the allegations in Paragraph 8 and avers that on March 30, 2016, ITA issued a letter to Plaintiff addressing the February 2016 Request ("ITA's

---

[2] Merely for ease of reference, Defendant's Answer replicates the headings contained in the Complaint.  Although Defendant believes that no response is required to such headings, to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

Determination"). Defendant further avers that the ITA Determination speaks for itself and respectfully refers the Court to ITA's Determination for a full and accurate statement of its contents. With respect to the allegations in the third sentence of Paragraph 8, Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations and avers that it has never made a demand to Plaintiff for $173,775.

9.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9.

### The DOC's I-94 Program

10.      Defendant admits the allegations in the first sentence of Paragraph 10 and avers that the I-94 Program is administered by ITA. With respect to the allegations in the second sentence of Paragraph 10, Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

11.      Paragraph 11 sets out Plaintiff's characterization of Form I-94, issued by the Department of Homeland Security (DHS), to which no response is required. Defendant respectfully refers the Court to the referenced Form I-94 for a full and accurate statement of its contents.

12.      Defendant denies the allegations in the first sentence of Paragraph 12 and avers that DHS provides processed data to ITA and does not provide raw data from the I-94 form . Regarding the allegations in the second sentence of Paragraph 12, Defendant denies and avers instead that the data received from DHS is processed by an ITA contractor. Defendant admits the allegations in the remainder of Paragraph 12.

13.      Defendant denies the allegations in the first sentence of Paragraph 13 and avers instead that I-94 Data Files are maintained by an ITA contactor.

14.      Admitted.

**The DOC's I-92 Program**

15.     Regarding the allegations in Paragraph 15, Defendant admits and avers also that the I-92 Program is administered by the ITA, a bureau of DOC.

16.     Admits only that (i) the DOC analyzes the APIS data and creates and publishes the *U.S. International Air Travel Statistics Report* on a monthly, quarterly, and annual basis; and (ii) the DOC sells single issues or annual subscriptions to the monthly or quarterly reports, as well as a subscription to the annual report, for a fee.  The remaining allegations contained in this paragraph constitute Plaintiff's characterization of the *U.S. International Air Travel Statistics Report* ("The Reports"); Defendant avers that *The Reports* speak for themselves and respectfully refers the Court to each copy of *The Report* for a full and accurate statement of its contents.

17.     Admitted.

18.     Admitted.

**Plaintiff's Prior FOIA Request**

19.     Defendant admits only that Plaintiff submitted a FOIA request to ITA on March 10, 2015 (Prior Request) and that Exhibit A to the Complaint represents a true and correct copy of the Prior Request.   The remaining allegations in Paragraph 19 consist of Plaintiff's characterization of the Prior Request; Defendant avers that this document speaks for itself and respectfully refers the Court to the Prior Request for a full and accurate statement of its contents.

20.     The allegations in Paragraph 20 consist of Plaintiff's characterization of the Prior Request; Defendant avers that this document speaks for itself and respectfully refers the Court to the Prior Request for a full and accurate statement of its contents.

21.     Admitted only to the extent that the Prior Request may be viewed as having been filed in procedural conformance with DOC's FOIA regulations as set forth at 15 C.F.R. Part 4.

22.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22.   Defendant avers that the Office of Government Information Services ("OGIS") is not a division, component, or bureau of DOC.

23.     Defendant admits that Justin Guz is the FOIA Officer for ITA; that by letter dated June 24, 2015, ITA denied the Prior Request ("ITA's Prior Determination"); and that Exhibit B to the Complaint represents a true and correct copy of the ITA Prior Determination.

24.     The allegations in Paragraph 24 consist of Plaintiff's characterization of ITA's Prior Determination; Defendant avers that this document speaks for itself and respectfully refers the Court to ITA's Prior Determination for a full and accurate statement of its contents.

**Plaintiff's Administrative Appeals from the DOC's Denial of the Prior Request**

25.     Defendant denies the allegations in Paragraph 15 and admits only that (i) on July 8, 2015, Plaintiff submitted to DOC an administrative appeal of ITA's Prior Determination ("Prior Appeal") and (ii) Exhibit C to the Complaint is a true and correct copy of the Prior Appeal.  .

26.     The allegations in Paragraph 26 consist of Plaintiff's characterization of the Prior Appeal; Defendant avers that this document speaks for itself and respectfully refers the Court to the Prior Appeal for a full and accurate statement of its contents.

27.     Defendant admits only that an appeal determination was issued on November 17, 2015 ("DOC's Prior Appeal Determination"); and that Exhibit D to the Complaint represents a true and correct copy of DOC's Prior Appeal Determination.  The remaining allegations in Paragraph 27 consist of Plaintiff's characterization of DOC's Prior Appeal Determination; Defendant avers that this document speaks for itself and respectfully refers the Court to DOC's Prior Appeal Determination for a full and accurate statement of its contents.

28.     Defendant admits only that Paragraph 28 correctly quotes a portion of the language in DOC's Prior Appeal Determination but Defendant avers that this document speaks for itself and respectfully refers the Court to DOC's Prior Appeal Determination for a full and accurate statement of its contents.

29.     The allegations in Paragraph 29 consist of Plaintiff's characterization of DOC's Prior Appeal Determination; Defendant avers that this document speaks for itself and respectfully refers the Court to DOC's Prior Appeal Determination for a full and accurate statement of its contents.  Defendant further avers that superseding fee statute cited in DOC's Prior Appeal Determination (15 U.S.C. § 1525) was cited in error and the superseding fee statute applicable to the Prior Request is the Consolidated and Further Continuing Appropriations Act, 2015, Pub. L. No. 113–235, 128 Stat. 2173 (2014).[3]

30.     Defendant admits only that Paragraph 28 correctly quotes a portion of the language in DOC's Prior Appeal Determination but Defendant avers that this document speaks for itself and respectfully refers the Court to DOC's Prior Appeal Determination for a full and accurate statement of its contents.

31.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31.  Defendant avers that the OGIS is not a division, component, or bureau of DOC.

32.     Defendant admits the allegations in Paragraph 32, and avers that (i) Plaintiff submitted a letter on December 14, 2015 seeking further appeal of the Prior Appeal

---

[3] The appropriation and fee setting authority for ITA's activities, including the I-94 and I-92 program, are updated annually.  Therefore, the applicable superseding fee statute at the time the Prior Request was submitted, March 10, 2015, is the Consolidated and Further Continuing Appropriations Act, 2015.

Determination ("December 14, 2015 Letter") and (ii)  Exhibit E is a true and copy of the December 14, 2015 Letter.

33.    The allegations in Paragraph 33 consist of Plaintiff's characterization of the December 14, 2015 Letter; Defendant avers that this document speaks for itself and respectfully refers the Court to the December 14, 2015 Letter for a full and accurate statement of its contents.

34.    The allegations in Paragraph 34 consist of Plaintiff's characterization of the December 14, 2015 Letter, to which no response is required.  To the extent a response is required, Defendant respectfully refers the Court to the December 14, 2015 Letter for a full and accurate statement of its contents.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations related to how Plaintiff calculated the costs that would be charged in connection with the Prior Request and avers that it has never made a demand to Plaintiff for $136,210.

35.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35.  Defendant avers that the OGIS is not a division, component, or bureau of DOC.

36.    With respect to the allegations in Paragraph 36, Defendant admits only  that DOC sent a response to Plaintiff's December 14, 2015 Letter on December 28, 2015 ("DOC's December 28, 2015 Response") and that Exhibit F to the Complaint represents a true and correct copy of DOC's December 28, 2015 Response.  The remainder of the allegations in Paragraph 36, consists of Plaintiff's characterization of DOC's December 28, 2015 Response; Defendant avers that this document speaks for itself and respectfully refers the Court to DOC's December 28, 2015 Response for a full and accurate statement of its contents.

9

37.     The allegations in Paragraph 37 consist of Plaintiff's characterization of DOC's December 28, 2015 Response; Defendant avers that this document speaks for itself and respectfully refers the Court to DOC's December 28, 2015 Response for a full and accurate statement of its contents.

38.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38.

39.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39.

**Plaintiff's February 26, 2016 FOIA Request**

40.     Defendant admits only that upon information and belief, Plaintiff attempted to submit a FOIA request to ITA in February 2016; Defendant avers that it did not receive a copy the February 2016 Request until it was received via email on March 29, 2016.  Defendant avers that Exhibit G to the Complaint represents a true and correct copy of the email received on March 29, 2016 and that Exhibit H to the Complaint represents a true and correct copy the February 2016 Request received on March 29, 2016.

41.     The allegations in Paragraph 41 consist of Plaintiff's characterization of the February 2016 Request; Defendant avers that this document speaks for itself and respectfully refers the Court to the February 2016 Request for a full and accurate statement of its contents.

42.     The allegations in Paragraph 42 consist of Plaintiff's characterization of the February 2016 Request; Defendant avers that this document speaks for itself and respectfully refers the Court to the February 2016 Request for a full and accurate statement of its contents.

43.     The allegations in Paragraph 43 consist of Plaintiff's characterization of the February 2016 Request; Defendant avers that this document speaks for itself and respectfully refers the Court to the February 2016 Request for a full and accurate statement of its contents.

44.     The allegations in the first sentence of Paragraph 44 consist of Plaintiff's characterization of the February 2016 Request; Defendant avers that this document speaks for itself and respectfully refers the Court to the February 2016 Request for a full and accurate statement of its contents.  With respect to the allegations in the second sentence of Paragraph 44, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations related to Plaintiff's calculation of the costs associated with the February 2016 Request.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations related to how Plaintiff calculated the costs that would be charged in connection with the February 2016 Request and avers that it has never made a demand to Plaintiff for $173,775.

45.     The allegations in Paragraph 45 consist of Plaintiff's characterization of the February 2016 Request; Defendant avers that this document speaks for itself and respectfully refers the Court to the February 2016 Request for a full and accurate statement of its contents.

46.     Admitted only to the extent that the Prior Request may be viewed as having been filed in procedural conformance with DOC's FOIA regulations as set forth at 15 C.F.R. Part 4. Defendant denies all allegations in Paragraph 46 not specifically admitted.

**Plaintiffs First Administrative Appeal**

47.     Denied.  Defendant avers that it did not receive a copy the February 2016 Request until it was received via email on March 29, 2016.

48.     With respect to the allegations in Paragraph 48, Defendant admits only that (i) Plaintiff submitted a letter to DOC on March 28, 2016 ("March 28, 2016 Letter") seeking to appeal the February 2016 Request; and (ii) Exhibit I to the Complaint represents a true and accurate copy of the March 28, 2016 Letter.  The remainder of the allegations in Paragraph 48 consist of Plaintiff's characterization of the March 28, 2016 Letter; Defendant avers that this

document speaks for itself and respectfully refers the Court to the March 28, 2016 Letter for a full and accurate statement of its contents.

49.     The allegations in Paragraph 49 consist of Plaintiff's characterization of the March 28, 2016 Letter; Defendant avers that this document speaks for itself and respectfully refers the Court to the March 28, 2016 Letter for a full and accurate statement of its contents.

50.     With respect to the allegations in Paragraph 50, Defendant admits only that DOC sent a response to Plaintiff's March 28, 2016 Letter on March 29, 2016 ("DOC's March 29, 2016 Response") and that Exhibit J to the Complaint represents a true and accurate copy of the March 29, 2016 Response.  The remainder of the allegations in Paragraph 50 consist of Plaintiff's characterization of DOC's March 29, 2016 Response; Defendant avers that this document speaks for itself and respectfully refers the Court to DOC's March 29, 2016 Response for a full and accurate statement of its contents.

51.     Defendant admits only that it notified Plaintiff that the March 28, 2016 Letter was not a proper administrative appeal of a FOIA determination and avers that, at the time that DOC received the March 28, 2016 Letter, it was not aware that Plaintiff had submitted the February 2016 Request.  The remaining allegations in Paragraph 51 consist of Plaintiff's characterization of DOC's March 29, 2016 Response; Defendant avers that this document speaks for itself and respectfully refers the Court to DOC's March 29, 2016 Response for a full and accurate statement of its contents.

**Defendant's Response to the Request**

52.     With respect to the allegations in Paragraph 52, Defendant admits only that ITA issued a letter in response to the February 2016 Request on March 30, 2016 ("ITA's Determination") and that Exhibit K to the Complaint represents a true and correct copy of ITA's Determination.

53.     The allegations in Paragraph 53 consist of Plaintiff's characterization of ITA's Determination; Defendant avers that this document speaks for itself and respectfully refers the Court to ITA's Determination for a full and accurate statement of its contents.  Defendant further avers that the superseding fee statute cited in ITA's Determination (15 U.S.C. § 1525) was cited in error and that the superseding fee statute applicable to the February 2016 Request is the Consolidated Appropriations Act, 2016, Pub. L. No. 114–1113, 129 Stat. 2286-7 (2015) ("Consolidated Appropriations Act for 2016").

54.     The allegations in Paragraph 54 consist of Plaintiff's characterization of ITA's Determination; Defendant avers that this document speaks for itself and respectfully refers the Court to ITA's Determination for a full and accurate statement of its contents.

**Plaintiff's Second Administrative Appeal**

55.     Defendant admits only that Plaintiff submitted an administrative appeal to DOC appealing ITA's Determination on March 31, 2016 ("Appeal") and Exhibit L to the Complaint represents a true and correct copy of the Appeal.

56.     The allegations in Paragraph 56 consist of Plaintiff's characterization of the Appeal; Defendant avers that this document speaks for itself and respectfully refers the Court to the Appeal for a full and accurate statement of its contents.

57.     Defendant admits only that it sent an email to Plaintiff acknowledging receipt of the Appeal on April 8, 2016 and lacks knowledge or information sufficient to form a belief as to the truth of the allegations related to when Plaintiff received the acknowledgement.

58.     Defendant admits only that, as of the date that Plaintiff filed the Complaint, Defendant had not yet issued its determination on the Appeal.

## CAUSES OF ACTION
### COUNT I
### Violation of FOIA for Unlawful Withholding of Agency Records

59.     Defendant incorporates by reference as though fully set forth herein its responses to the allegations made in Paragraphs 1 through 58.

60.     Admitted.

61.     Defendant admits only that the records requested by the February 2016 Request are within the possession, custody, and/or control of ITA, which is a bureau of DOC.

62.     The allegations in Paragraph 62 are Plaintiff's legal conclusions, to which no response is required.

63.     The allegations in Paragraph 63 are Plaintiff's legal conclusions, to which no response is required.

### COUNT II
### Violation of FOIA for Failure to Grant Fee Waiver

64.     Defendant incorporates by reference as though fully set forth herein its responses to the allegations made in Paragraphs 1 through 58.

65.     Admitted.

66.     Defendant admits only that the records requested by the February 2016 Request are within the possession, custody, and/or control of ITA, which is a bureau of DOC.

67.     The allegation in Paragraph 67 consists of Plaintiff's legal conclusion, to which no response is required.

68.     The allegation in Paragraph 68 consists of Plaintiff's legal conclusions, to which no response is required.

69.     The allegation in Paragraph 69 consists of Plaintiff's legal conclusions, to which no response is required.

14

## COUNT III
### Violation of FOIA for Improper Assessment of Fees
### by Improper Application of 5 U.S.C. § 552(a)(4)(A)(vi) and 15 U.S.C. § 1525

70.     Defendant incorporates by reference as though fully set forth herein its responses to the allegations made in Paragraphs 1 through 58.

71.     Admitted.

72.     Defendant admits only that the records requested by the February 2016 Request are within the possession, custody, and/or control of ITA, which is a bureau of DOC.

73.     Defendant admits only that Paragraph 73 correctly quotes a portion of the FOIA statute, but avers that the FOIA statute speaks for itself and respectfully refers the Court to the referenced statutory provision for a full and accurate statement of its contents.

74.     Defendant admits only that Plaintiff correctly quotes a portion of 15 U.S.C. § 1525, but avers that the statute speaks for itself and respectfully refers the Court to the statutory provision for a full and accurate statement of its contents.

75.     Defendant admits only that Plaintiff correctly quotes a portion of 15 U.S.C. § 1525, but avers that the statute speaks for itself and respectfully refers the Court to the statutory provision for a full and accurate statement of its contents.  Defendant further avers that the superseding fee statute cited in ITA's Determination (15 U.S.C. § 1525) was cited in error and that the superseding fee statute applicable to the February 2016 Request is the Consolidated Appropriations Act for 2016.  Defendant further avers that the Consolidated Appropriations Act of 2016 is "a statute specifically providing for setting the level of fees for-particular types of records" within the meaning of 5 U.S.C. § 552(a)(4)(A)(vi).

76.     The allegations in Paragraph 76 consist of Plaintiff's characterizations of 15 U.S.C. § 1525; Defendant avers that the statute speaks for itself and respectfully refers the Court to the statute for a full and accurate statement of its contents.

77.     The allegations in Paragraph 77 consist of Plaintiff's legal conclusions, to which no response is required.    Defendant explicitly denies that it has improperly withheld any records or unlawfully refused to process Plaintiff's request.

78.     The allegations in Paragraph 77 consist of Plaintiff's legal conclusions, to which no response is required.

## COUNT IV
### Violation of FOIA for Failure to Grant News Media Fee Status

79.     Defendant incorporates by reference as though fully set forth herein its responses to the allegations made in Paragraphs 1 through 58.

80.     Admitted.

81.     Defendant admits only that the records requested by the February 2016 Request are within the possession, custody, and/or control of ITA, which is a bureau of DOC.

82.     The allegation in Paragraph 82 consists of Plaintiff's characterization of the Request, to which no response is required.  To the extent a response is required, Defendant respectfully refers this court to the Request for a full and accurate statement of its contents.

83.     The allegations in Paragraph 83 are Plaintiff's legal conclusions, to which no response is required.

84.     The allegations in Paragraph 84 are Plaintiff's legal conclusions, to which no response is required.

85.     The allegations in Paragraph 85 are Plaintiff's legal conclusions, to which no response is required.

16

## COUNT V
### Violation of FOIA for Improper Assessment of Fees Under 15 U.S.C. § 1525

86.     Defendant incorporates by reference as though fully set forth herein its responses to the allegations made in Paragraphs 1 through 58.

87.     Admitted.

88.     Defendant admits that the records requested by the February 2016 Request are within the possession, custody, and/or control of ITA, which is a bureau of DOC.

89.     Paragraph 89 sets out Plaintiff's characterization of the statutory requirements as set out in 15 U.S.C. § 1525, to which no response is required.  Defendant avers instead the Consolidated Appropriations Act of 2016 applies to the records requested.

90.     The allegations in Paragraph 90 are Plaintiff's legal conclusions, to which no response is required.  To the extent that the allegations cite to 15 U.S.C. § 1525, Defendant avers instead that the Consolidated Appropriations Act of 2016 provides for setting the level of fees for the records requested.[4]

91.     The allegations in Paragraph 91 are Plaintiff's legal conclusions, to which no response is required.

### REQUEST FOR RELIEF

The remainder of Plaintiff's Complaint contains Plaintiff's Request for Relief, to which no response is required.  To the extent this paragraph is deemed to contain factual allegations, Defendant denies those allegations and denies that Plaintiff is entitled to any relief.

WHEREFORE, having fully answered, Defendant requests judgment and relief against Plaintiff as follows:

---

[4] For the purposes of briefing and resolution of this matter, Defendant intends to interpret Plaintiff's allegations with respect to Count V as also challenging the application of the Consolidated Appropriations Act for 2016.

a) That the claim against Defendant is dismissed with prejudice and that the Plaintiff takes nothing and is granted no relief, including, but not limited to, relief requested in Plaintiff's Prayer for Relief at paragraphs (1)-(8).

b) That Defendant be awarded its costs and disbursements incurred in defending this matter; and

c) Such other and further relief, including declaratory relief, equitable relief, and damages, to which it is entitled.

Dated:  July 15, 2016

Respectfully submitted,

CHANNING D. PHILLIPS, D.C. Bar No. 415793
United States Attorney

DANIEL F.  VANHORN, D.C.  Bar No.  924092
Chief, Civil Division

By: /s/  *April Denise Seabrook*
APRIL DENISE SEABROOK, D.C.  Bar No.  993730
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C.  20530
Telephone: 202-252-2525
Email: April.Seabrook@usdoj.gov

COUNSEL FOR DEFENDANT

## CERTIFICATE OF SERVICE

I  HEREBY CERTIFY that on this 15th day of July that service of the foregoing

*Defendant's Answer and Affirmative Defenses* has been made on counsel of record through the

Court's ECF system.


　　　　　　　　　　　　　/s/ *April Denise Seabrook*
　　　　　　　　　　　　　APRIL DENISE SEABROOK
　　　　　　　　　　　　　D.C.  Bar No.  993730
　　　　　　　　　　　　　Assistant United States Attorney
　　　　　　　　　　　　　555 Fourth Street, N.W.
　　　　　　　　　　　　　Washington, D.C.  20530
　　　　　　　　　　　　　Telephone: 202-252-2525
　　　　　　　　　　　　　Email: April.Seabrook@usdoj.gov