# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID YANOFSKY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 16-951 (KBJ) |
| ) | |
| U.S. DEPARTMENT OF COMMERCE, ) | |
| ) | |
| Defendant. ) | |

## MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56, Defendant United States Department of Commerce respectfully moves for summary judgment on Plaintiff's claims under the Freedom of Information Act ("FOIA"). This motion is accompanied by a memorandum of law, statement of undisputed material facts, supporting declaration, exhibits, and proposed order.

Respectfully submitted,

CHANNING D. PHILLIPS
United States Attorney
D.C. Bar #415793

DANIEL VAN HORN
Chief, Civil Division
D.C. Bar # 924092

By: /s/_____
JOSHUA M. KOLSKY
Assistant United States Attorney
D.C. BAR #993430
Washington, D.C. 20530
Phone: (202) 252-2541
Email: joshua.kolsky@usdoj.gov

*Counsel for Defendant*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID YANOFSKY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )  Civil Action No. 16-951 (KBJ)<br>) |
| U.S. DEPARTMENT OF COMMERCE, | )<br>)<br>) |
| Defendant. | )<br>) |

## STATEMENT OF UNDISPUTED MATERIAL FACTS

Pursuant to Local Rule 7(h), Defendant respectfully submits this Statement of Undisputed Material Facts in support of Defendant's Motion for Summary Judgment.

1. The "I-92 Program" and "I-94 Program" are part of the Department of Commerce's ("DOC") international trade activities through the International Trade Administration ("ITA"), a bureau of DOC. The programs sell government reports and data to the public. Declaration of Ronald Erdmann ("Erdmann Decl.") ¶ 2.

2. The "I-92 Program" is a joint effort between the Department of Homeland Security, Customs and Border Protection, and the DOC/ITA National Travel and Tourism Office to provide international air traffic statistics to the government and the travel industry. The system is a source of data on all international flights to and from the United States. It reports the total volume of air traffic and various subsets of traffic. The I-92 Program is administered by the ITA. Erdmann Decl. ¶ 3.

3. ITA uses the statistics it collects under the I-92 Program to publish the *U.S. International Air Travel Statistics Report* on a monthly, quarterly, and annual basis. DOC sells single issues or annual subscriptions to the monthly or quarterly reports, as well as a subscription

to the annual report, for a fee. DOC also maintains and utilizes a data file related to the report ("I-92 Data File"), which consists of anonymized data about air travelers between the United States and other countries. DOC sells the data file for a fee. Erdmann Decl. ¶ 4.

4.  The "I-94 International Arrivals Program" or "I-94 Program" provides the official U.S. monthly and annual overseas visitor arrivals to the United States along with select Mexican and Canadian visitor statistics. The information is presented in a report entitled the *Summary of International Travel to the United States* with 35 tables of information about non-U.S. resident visitor arrivals. DOC sells monthly, quarterly, and annual subscriptions to this report for a fee. DOC also sells quarterly and annual publications of a data file called "Air Arrivals I-94 Database (Detail Arrival Records)" ("I-94 Data File"), which consists of anonymized data about foreign visitors to the United States. Erdmann Decl. ¶ 5.

5.  As part of the I-92 and I-94 Programs, ITA collects, retains, and expends user fees pursuant to delegated authority under the Mutual Educational and Cultural Exchange Act as authorized in annual appropriations acts. Erdmann Decl. ¶ 6.

6.  The I-92 and I-94 Program publications are provided only to those persons and entities that pay the applicable fee. Erdmann Decl. ¶ 7.

7.  The NTTO has several subscribers to the I-92 Program publications, which tend to be aviation industry clients (airlines, airports, consultants, a manufacturer and related), foreign or regional national tourism offices, tourism industry consultants, tourism bureaus, and U.S. federal agencies. The NTTO has several subscribers to the I-94 Program publications, which tend to be state and city tourism offices, aviation/tourism industry consultants, shopping entities, federal agencies, and other travel related firms. In addition, interested individuals and entities may simply purchase annual reports and Excel files from either program. Erdmann Decl. ¶ 8.

8.      On February 26, 2016, Plaintiff David Yanofsky filed a FOIA request, (the "Request") with DOC seeking records related to the I-94 Program and I-92 Program. Specifically, Plaintiff sought:

> access to and copies of OTTI's "Air Arrivals I-94 Annual Datafile" from 2015, 2014, 2013, 2012 and 2011 and its associated technical documentation [and] . . . access to and copies of OTTI's "U.S. International Air Travel Statistics Report (APIS/I-92) Data Files" for 2015, 2014, 2013, 2012 and 2011 and its associated technical documentation.

Erdmann Decl. ¶ 9.

9.      Plaintiff requested to receive the files in electronic format. Erdmann Decl. ¶ 10.

10.     In the Request, Plaintiff sought a fee benefit as a representative of the news media pursuant to 5 U.S.C. § 552(a)(4)(A)(ii) and a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(iii). Erdmann Decl. ¶ 11.

11.     On March 28, 2016, Plaintiff's counsel submitted a letter which purported to "appeal[] ITA's failure to respond to [Plaintiff's] request within twenty business days[.]" Erdmann Decl. ¶ 12.

12.     On March 29, 2016, DOC responded to Plaintiff's counsel in a letter stating that ITA had not received the Request and, hence, had not denied any records. The author of the letter further stated that he was redirecting the Request, attached to Plaintiff's March 28 letter, to ITA. Erdmann Decl. ¶ 13.

13.     On March 30, 2016, ITA FOIA Officer Justin Guz sent a letter to Plaintiff stating that the records sought were being withheld under 5 U.S.C. § 552(a)(4)(A)(vi). Erdmann Decl. ¶ 14.

14.     On March 31, 2016, Plaintiff's counsel submitted a letter appealing ITA's decision on the Request. Erdmann Decl. ¶ 15.

15.     Plaintiff has not paid or agreed to pay the fee for the I-92 and I-94 publications it seeks through its FOIA request. Erdmann Decl. ¶ 16.

Respectfully submitted,

CHANNING D. PHILLIPS
United States Attorney
D.C. Bar #415793

DANIEL VAN HORN
Chief, Civil Division
D.C. Bar # 924092

By:  /s/_____
JOSHUA M. KOLSKY
Assistant United States Attorney
D.C. BAR #993430
Washington, D.C. 20530
Phone:  (202) 252-2541
Email:  joshua.kolsky@usdoj.gov

*Counsel for Defendant*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| DAVID YANOFSKY, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) Civil Action No. 16-951 (KBJ) |
|  | ) |
| U.S. DEPARTMENT OF COMMERCE, | ) |
|  | ) |
| Defendant. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

# **TABLE OF AUTHORITIES**

## **FEDERAL CASES**

*Anderson v. Liberty Lobby*, 477 U.S. 242 (1986) ............................................................1, 2

*Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986) .................2

*Oglesby v. U.S. Department of the Army*, 79 F.3d 1172 (D.C. Cir. 1996) ..........................5

*Students Against Genocide v. Department of State*, 257 F.3d 828 (D.C. Cir. 2001) ...........2

*Weisberg v. U.S. Department of Justice*, 627 F.2d 365 (D.C. Cir. 1980) ............................2

*Wilbur v. CIA*, 355 F.3d 675 (D.C. Cir. 2004) .....................................................................1

## **STATUTES AND OTHER AUTHORITIES**

5 U.S.C. § 552 ............................................................................................................1, 3, 4, 5

15 U.S.C. § 1512 ...................................................................................................................4

22 U.S.C. § 2122 ...................................................................................................................4

22 U.S.C. § 2123a .................................................................................................................4

22 U.S.C. § 2455 ...................................................................................................................4

Pub. L. No. 114-113, 129 Stat. 2286-7 (2015) .....................................................................4

81 Fed. Reg. 39895 ...............................................................................................................3

Fed. R. Civ. P. 56 ..................................................................................................................1

## **TABLE OF CONTENTS**

Preliminary Statement ........................................................................................... 1
Factual Background ............................................................................................. 1
Legal Standards ................................................................................................... 1
    I.  FOIA ........................................................................................................ 1
    II. Federal Rule of Civil Procedure 56 .......................................................... 1
Argument ............................................................................................................. 2
Conclusion ........................................................................................................... 5

**PRELIMINARY STATEMENT**

Defendant respectfully moves for summary judgment in this Freedom of Information Act case. Defendant has satisfied all of its obligations with respect to Plaintiff's FOIA request. Defendant properly withheld the publications sought by Plaintiff because Plaintiff has refused to pay the fee chargeable, pursuant to statute, for the publications. Accordingly, because no genuine disputes of material fact exist, Defendant respectfully requests that the Court grant its motion for summary judgment and dismiss Plaintiff's Complaint with prejudice.

**FACTUAL BACKGROUND**

Defendant hereby incorporates its Statement of Undisputed Material Facts, the Declaration of Ronald Erdmann, and the exhibits referenced therein.

**LEGAL STANDARDS**

**I.     FOIA**

The FOIA requires federal agencies to release all records responsive to a request for production unless a specific exemption is applicable. *See* 5 U.S.C. § 552(a)(3)(A), (4)(B) and 5 U.S.C. § 552(b). When a FOIA requester properly exhausts his administrative remedies, he may file a civil action challenging an agency's response to its request. *See* 5 U.S.C. § 552(a)(4)(B); *Wilbur v. CIA*, 355 F.3d 675, 677 (D.C. Cir. 2004). Once such an action is filed, the agency generally has the burden of demonstrating that its response to the plaintiff's FOIA request was appropriate. *See id.* at 678.

**II.    Federal Rule of Civil Procedure 56**

Summary judgment may be granted where "pleadings and discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). A

material fact is one that is capable of affecting the outcome of the litigation. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). A genuine issue is one where the "evidence is such that a reasonable jury could return a verdict for the non-moving party," *id.*, as opposed to evidence that "is so one-sided that one party must prevail as a matter of law." *Id*. at 252. A court considering a motion for summary judgment must draw all "justifiable inference" from the evidence in favor of the non-moving party. *Id*. at 255. The non-moving party, however, must do more than merely establish some "metaphysical doubt"; rather, that party must come forward with "specific facts" demonstrating a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 586-87 (1986).

Once the moving party has met its burden, the non-movant may not rest on mere allegations, but must instead proffer specific facts showing that a genuine issue exists for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). Thus, to avoid summary judgment, plaintiff must present some objective evidence that would enable the Court to find he is entitled to relief. In a FOIA suit, an agency is entitled to summary judgment once it demonstrates that no material facts are in dispute and that each document that falls within the class requested either has been produced, not withheld, is unidentifiable, or is exempt from disclosure. *Students Against Genocide v. Dept. of State*, 257 F.3d 828, 833 (D.C. Cir. 2001); *Weisberg v. U.S. Dep't of Justice,* 627 F. 2d 365, 368 (D.C. Cir. 1980).

**ARGUMENT**

In this action, Plaintiff seeks an order compelling the DOC to provide to Plaintiff under the FOIA certain government publications that are sold to the public through the DOC's I-92 and I-94 Programs. The publications sought by Plaintiff were properly withheld, however, because Plaintiff has refused to pay the statutorily-mandated fees required to obtain them. The DOC's

2

International Trade Administration ("ITA") "collects, retains, and expends user fees pursuant to delegated authority under the Mutual Educational and Cultural Exchange Act as authorized in its annual appropriations acts." 81 Fed. Reg. 39895 at 39896. These include fees for reports and data files under the I-92 and I-94 Programs. *See id*. (providing 2016 fee schedule for I-92 and I-94 Program publications). Accordingly, I-92 and I-94 Program publications are provided only to those persons and entities that pay the applicable fee. Declaration of Ronald Erdmann ("Erdmann Decl.") ¶ 7.

Instead of simply purchasing these publications (as everyone else desiring access to them must do), Plaintiff attempted to circumvent the fee requirement by seeking the publications through a FOIA request. In Plaintiff's view, two provisions of the FOIA permit it to obtain these publications virtually free of cost. First, the FOIA provides that "fees shall be limited to reasonable standard charges for document duplication when records are not sought for commercial use and the request is made by . . . a representative of the news media." 5 U.S.C. § 552(a)(4)(A)(ii). Second, the FOIA states that "[d]ocuments shall be furnished without any charge or at a charge reduced below the fees established under clause (ii) if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." *Id*. § 552(a)(4)(A)(iii). These provisions, however, plainly do not overcome the more fundamental requirement that persons seeking access to I-92 and I-94 Program publications must first pay applicable fees. Indeed, the FOIA speaks directly to this issue: "Nothing in this subparagraph shall supersede fees chargeable under a statute specifically providing for setting the level of fees for particular types of records." *Id*. § 552(a)(4)(A)(vi).

3

Here, fees for reports and data offered for sale under the I-92 and I-94 Programs are authorized, in the first instance, by provisions of the Mutual Educational and Cultural Exchange Act of 1961 ("MECEA"). The MECEA encourages outside groups "to make contributions of funds . . . to be utilized to carry out the purposes of th[e MECEA.]" 22 U.S.C. § 2455(f). In turn, many years of annual appropriations legislation, including most recently the Consolidated Appropriations Act of 2016 (the "Appropriations Act"), state that "the provisions of the first sentence of section 105(f) and all of section 108(c) of the Mutual Educational and Cultural Exchange Act of 1961 (22 U.S.C. 2455(f) and 2458(c)) shall apply in carrying out [international trade activities of DOC]; and that for the purpose of this Act, contributions under the provisions of the Mutual Educational and Cultural Exchange Act of 1961 *shall include payment for assessments for services provided as part of these activities*." Pub. L. No. 114–113, 129 Stat. 2286-7 (2015) (emphasis added).

Accordingly, the Appropriations Act falls within the scope of 5 U.S.C. § 552(a)(4)(A)(vi). Under the Appropriations Act, when DOC collects contributions under the MECEA, such contributions "shall include payment for assessments for services provided as part of" DOC's "international trade activities," which include the I-92 and I-94 Programs.[1]

D.C. Circuit authority fully supports DOC's position that Plaintiff – like everyone else – must purchase the publications at issue and may not use FOIA to bypass the purchase price. In

---

[1] The International Trade Administration derives authority for its trade activities, including the I-92 and I-94 Programs, from multiple sources. As a general matter, DOC's enabling legislation provides the Secretary of Commerce with authority to "foster, promote, and develop the foreign and domestic commerce . . . of the United States. 15 U.S.C. § 1512. More specifically, the International Travel Act of 1961, as amended, directs the Secretary of Commerce to "develop and implement a comprehensive plan to perform critical tourism functions" and stipulated that the plan may include programs to "collect and publish comprehensive international travel and tourism statistics and other marketing information." 22 U.S.C. § 2122. Lastly, the Travel Promotion Act of 2009, as amended, provides, "The [DOC's] Office of Travel and Tourism Industries shall expand and continue its research and development activities in connection with the promotion of international travel to the United States." 22 U.S.C. § 2123a(a).

*Oglesby v. U.S. Dep't of the Army*, 79 F.3d 1172 (D.C. Cir. 1996), the plaintiff requested records from the National Archives and Records Administration ("NARA") through FOIA and sought a fee waiver under 5 U.S.C. § 552(a)(4)(A)(iii), which NARA denied. *Oglesby*, 79 F.3d at 1175. NARA claimed that it properly charged the plaintiff a fee because its enabling statute permitted it to recover costs for making copies of materials. *Id*. at 1177. The plaintiff argued that NARA's fee provision did not meet the requirements of 5 U.S.C. § 552(a)(4)(A)(vi) because it neither provides a set formula for the imposition of fees nor mandates the assessment of fees. *Id*. The D.C. Circuit disagreed, holding that 5 U.S.C. § 552(a)(4)(A)(vi), "on its face, . . . requires neither a statutorily fixed fee nor a mandatory fee[.]" *Id*. Thus, the NARA statute "fits comfortably within the exception carved out in FOIA subsection (vi)." *Id*.

Similarly, here, Congress authorized DOC to publish travel statistics through the I-92 and I-94 Programs and to charge fees for those publications. Thus, the agency is not seeking to protect its information but, rather, its system for delivering that information. To allow Plaintiff to use FOIA to bypass the required fees would disregard applicable statutes, undermine ITA's statutory authority, and deprive ITA of an important source of funds. Accordingly, DOC's withholding of these materials was proper and fully compliant with its obligations under the FOIA.[2]

## CONCLUSION

For the reasons set forth above, Defendant respectfully requests that this Court grant summary judgment in Defendant's favor.

---

[2] Plaintiff's Complaint purports to plead five separate counts for violation of the FOIA, which are, at bottom, all premised on DOC's withholding of the publications at issue. The FOIA provides the Court with jurisdiction only "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). Plaintiff may not seek relief beyond that permitted by Section 552(a)(4)(B), such as declaratory relief sought in the Complaint's Request for Relief.

Respectfully submitted,

CHANNING D. PHILLIPS
United States Attorney
D.C. Bar #415793

DANIEL VAN HORN
Chief, Civil Division
D.C. Bar # 924092

By:  /s/_____
JOSHUA M. KOLSKY
Assistant United States Attorney
D.C. BAR #993430
Washington, D.C. 20530
Phone:  (202) 252-2541
Email:  joshua.kolsky@usdoj.gov

*Counsel for Defendant*