**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| DAVID YANOFSKY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-cv-951 (KBJ) |
| | ) | |
| DEPARTMENT OF COMMERCE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER

Plaintiff David Yanofsky has filed a motion to enforce the judgment in his favor that this Court entered on March 30, 2018, in this FOIA case against Defendant United States Department of Commerce ("the DOC"). (*See* ECF No. 41; *see also* Mem. Op., ECF No. 28.)  Because the post-judgment agency conduct that Yanofsky maintains is inconsistent with this Court's summary judgment order is not, in fact, covered by the order, Yanofsky's motion will be **DENIED**.

### I.

Yanofsky filed a five-count complaint against the DOC on May 19, 2016, alleging that the agency had unlawfully denied his request for a fee waiver in connection with a FOIA request that Yanofsky had submitted.  Yanofsky claimed that he was entitled to a public interest fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) and/or that he should be granted a fee reduction as a member of the news media, 5 U.S.C. § 552(a)(4)(A)(ii), but that the DOC had unlawfully denied his request for a waiver or reduction (*see* Compl., ECF No. 1, ¶ 8); the agency indicated instead that

Yanofsky would have to purchase the requested records at a cost of at least $173,775.00 (*id*.).  In his complaint, Yanofsky requested *inter alia* that the Court declare "that Plaintiff is entitled to a fee waiver" and "order Defendant to immediately disclose, in their entirety, all records responsive to Plaintiff's Request[.]" (*Id.* at 18.)[1]

The parties subsequently filed cross-motions for summary judgment. (*See* Mem. of Law in Supp. Of Def.'s Mot. for Summ. J. ("Def.'s Mot."), ECF No. 20; Pl.'s Mem. of Law In Opp'n to Def.'s Mot. for Summ. J. And in Supp. Of Pl.'s Mot. for Summ. J. ("Pl.'s Mot."), ECF No. 21-1.)  The DOC argued that it regularly disseminates information such as that which Yanofsky requested, in exchange for which the agency properly "collects, retains, and expends user fees pursuant to delegated authority under the Mutual Educational and Cultural Exchange Act as authorized in annual appropriations acts[,]" which displaces the traditional fee-setting provisions in the FOIA. (Def.'s Mot. ¶ 5.)  Yanofsky asserted that "the DOC has refused to grant Plaintiff's request for a public interest fee waiver or to acknowledge his entitlement to a fee benefit as a representative of the news media, as required by the Act" (Pl.'s Mot. at 6), and that this "Court should reject the DOC's erroneous contention that an agency may place records subject to FOIA out of the practical reach of the press and public by charging exorbitant fees not authorized by the Act" (*id.* at 8).

This Court ultimately agreed with Yanofsky.  On March 30, 2018, it granted summary judgment in his favor, concluding that Congress did not intend for the Mutual Educational and Cultural Exchange Act, 22 U.S.C. § 2455(f), and the Consolidated Appropriations Act of 2016, Pub L. No. 114-113, § 9(B), 129 Stat. 2242, 2287 (2015),

---

[1] Page-number citations to the documents that the parties have filed refer to the page numbers that the Court's electronic filing system automatically assigns.

to displace the FOIA's fee-setting provisions such that the agency was authorized to require payment for access to certain files.  The Court specifically concluded that "the DOC must follow the FOIA, and determine the fees that are applicable to Yanofsky's FOIA[] request in accordance with the FOIA's fee-setting and fee-waiver provisions" (Mem. Op. at 24), and it "remanded [the case] to the agency for a reevaluation of the fees that Yanofsky will be charged, consistent with the reasoning of this Opinion" (*id.*).

## II.

On October 30, 2018, seven months after the Court's ruling, Yanofsky filed a Motion to Enforce Judgment against Defendant. (*See* Mem. in Supp. Of Pl.'s Mot. to Enforce J. ("Pl.'s Mot. to Enforce"), ECF No. 41-1.) In this motion, Yanofsky maintains that the Court's summary judgment ruling "makes clear [that] Mr. Yanofsky is entitled to the records he requested from Defendant Department of Commerce ('DOC') under the Freedom of Information Act," which include "specified I-92 and I-94 files [that] consist of anonymized data about visitors to the United States [and] are maintained and utilized by DOC." (Pls.' Mot. to Enforce. at 4.)  Yanofsky insists that, "[w]hile DOC produced some documents . . . following the Court's Judgment[,]" the agency "has yet to produce the data files that Plaintiff requested[.]" (*Id.*)  As a result, Plaintiff's enforcement motion "ask[s] that this Court enter an order requiring DOC to immediately produce the I-92 and I-94 data files responsive to Plaintiff's FOIA Request." (*Id.* at 4–5.)  For the reasons explained below, this request is beyond the scope of the Court's prior judgment.

### III.

"District courts have the authority to enforce the terms of their mandates[,]" *Flaherty v. Pritzker*, 17 F. Supp. 2d 52, 55 (D.D.C. 2014), and "[t]he exercise of this authority is 'particularly appropriate' when a case returns to a court on a motion to enforce the terms of its mandate to an administrative agency[,]" *id.* (quoting *Int'l Ladies' Garment Workers' Union v. Donavan*, 733 F.2d 920, 922 (D.C. Cir. 1984)). "The Court should grant a motion to enforce if a 'prevailing plaintiff demonstrates that a defendant has not complied with a judgment entered against it.'" *Sierra Club v. McCarthy*, 61 F. Supp. 3d 35, 39 (D.D.C. 2014) (quoting *Heartland Hosp. v. Thompson*, 328 F. Supp. 2d 8, 11 (D.D.C. 2004)). *See also Pub. Citizen, Inc. v. Dep't. of Educ.*, 292 F. Supp. 2d 1 (D.D.C. 2003) (granting a motion to enforce judgment ordering the Department of Energy's compliance with the plaintiff's Freedom of Information Act request when the Department could not demonstrate that its search for information was adequate to satisfy the judgment). Crucially, "[s]uccess on a motion to enforce a judgment gets a plaintiff only 'the relief to which [the plaintiff] is entitled under [its] original action and the judgment entered therein.'" *Heartland Regional Medical Center v. Leavitt*, 415 F.3d 24, 29 (D.C. Cir. 2005) (citing *Watkins v. Washington*, 511 F.2d 404, 406 (D.C. Cir. 1975)). Thus, if a plaintiff "has received all relief required by that prior judgment, the motion to enforce [should be] denied." *Heartland Hosp.*, 328 F. Supp. 2d at 11.

Included within "a court's power to administer its decrees is the power to construe and interpret the language of the judgment" in order to determine the totality of the relief the Court originally granted, and to which Plaintiff was originally entitled.

*Id.* at 11–12 (citing *Sec. & Exch. Comm'n v. Hermil, Inc.,* 838 F.2d 1151, 1153 (11th Cir. 1988)).  Here, in order to determine the scope of the original grant of summary judgment, the Court has reviewed Yanofsky's complaint and the parties' motions for summary judgment, and it is crystal clear that Yanofsky framed the principal unlawful conduct at issue as the DOC's "unlawfully denying Plaintiff's request for a fee waiver and informing Plaintiff that he would have to purchase the requested records at a cost of at least $173,775.00, an amount far in excess of the fees Defendant is permitted to charge under FOIA." (Compl. ¶ 2.)  Although this allegedly unlawful denial of Yanofsky's fee waiver request had the practical effect of placing the records Yanofsky sought out of his reach, it is undeniable that the agency's refusal to release records in response to Yanofsky's FOIA request *hinged* on the dispute over Yanofsky's eligibility for a fee waiver, and indeed, the agency explained as much in its motion for summary judgment, when it stated that "[t]he publications sought by Plaintiff were properly withheld, however, *because Plaintiff has refused to pay the statutorily-mandated fees required to obtain them*." (Def.'s Mot. at 10 (emphasis added).)  Yanofsky's cross-motion for summary judgment also focused exclusively on contradicting the agency's fee-waiver analysis. (*See generally* Pl.'s Mot.)

This Court ruled on this fee-waiver issue, alone, in its summary judgment opinion.  (*See* Mem. Op. at 24 (holding that "the DOC must follow the FOIA, and determine the fees that are applicable to Yanofsky's FOIA[] request in accordance with the FOIA's fee-setting and fee-waiver provisions").   And there can be no question that the fee-waiver dispute is a discrete issue that is distinct from any other potential disputes concerning the DOC's withholding or release of the requested records.  *See,*

*e.g.*, *Cause of Action v. Fed. Trade Comm'n*, 961 F. Supp. 2d 142, 154, 168 (D.D.C. 2013) (resolving fee waiver issue in agency's favor while resolving withholdings dispute partially in plaintiff's favor), *remanded in part on other grounds*, 799 F.3d 1108 (D.C. Cir. 2015); *Citizens for Responsibility and Ethics in Washington v. U.S. Dept. of Justice*, 602 F. Supp. 2d 121, 125 (D.D.C. 2009) (noting that the evaluation of fee-waiver requests is independent from "the possibility of eventual exemption from disclosure").  Thus, while Yanofsky's motion to enforce the judgment now complains that the agency "has yet to produce the data files that Plaintiff requested" and seeks "an order requiring DOC to immediately produce the I-92 and I-94 files responsive to Plaintiff's FOIA request" (Pl.'s Mot. to Enforce at 4–5), neither the original complaint nor Yanofsky's summary judgment motion actually addressed any substantive issues regarding withholdings, nor could they possibly have done so, because at *that* stage of the litigation, the fee issue was a predicate barrier to the records release.[2]

   This all means that Yanofsky's suggestion that the Court's summary judgment ruling "makes clear [that] Mr. Yanofsky is entitled to the records he requested" (Pl.'s Mot. to Enforce at 4) is mistaken, and in fact, the Court's prior judgment did not reach the issue of the agency's production obligation at all.  Consequently, it is hereby

   **ORDERED** that Plaintiff's [41] Motion to Enforce Judgment is **DENIED**.


DATE:  April 25, 2019                      *Ketanji Brown Jackson*
                                           KETANJI BROWN JACKSON
                                           United States District Judge

---

[2] Moreover, Defendant's denial of the fee waiver was not alone the cause of the withholding. Because Plaintiff did not have a fee waiver, he allegedly could not, and did not, follow through with his request for the records. Thus, Plaintiff's own conduct was an intervening and more proximate cause of the withholding of records initially.