IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DAVID YANOFSKY**, <br><br> Plaintiff, <br><br> v. <br><br> **UNITED STATES DEPARTMENT OF COMMERCE**, <br><br> Defendant. | Civil Action No. 1:16-cv-00951 (KBJ) |

## PLAINTIFF'S MOTION FOR RECONSIDERATION

Pursuant to Federal Rule of Civil Procedure 59(e), Plaintiff David Yanofsky respectfully moves the Court to reconsider its April 25, 2019 Order, ECF No. 47, denying Plaintiff's motion to enforce judgment in in this matter, ECF No. 41.[1]  Pursuant to LCvR 7(m), Plaintiff's counsel has conferred with counsel for Defendant Department of Commerce ("DOC" or "Defendant"), which opposes this Motion.  In support of his Motion, Plaintiff states as follows:

### INTRODUCTION

For more than three years, journalist David Yanofsky has been waiting for the data files responsive to his February 2016 request under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA" or the "Act").  Notwithstanding an opinion from this Court soundly rejecting DOC's

---

[1] While Federal Rule of Civil Procedure 59(e) does not explicitly provide for motions "for reconsideration," such motions are routine in federal civil practice, including in this Circuit.  *See*, *e.g.*, *Emory v. Secretary of Navy*, 819 F.2d 291, 293 (D.C. Cir. 1987) (addressing a Rule 59(e) motion to reconsider and explaining that courts "routinely construe[] papers captioned 'motion to reconsider' as a motion to alter or amend the judgment under Rule 59(e)"); *see also Middlebrooks v. Godwin Corp.*, 279 F.R.D. 8, 11 n.3 (D.D.C. 2011) ("A motion for reconsideration is generally treated as a Fed. R. Civ. P. 59(e) motion if it is filed within 28 days of entry of the challenged order . . . ."); *Wannall v. Honeywell Int'l Inc.*, 292 F.R.D. 26, 31– 32 (D.D.C. 2013), *aff'd sub nom. Wannall v. Honeywell, Inc.*, 775 F.3d 425 (D.C. Cir. 2014) (noting that motions to alter or amend a judgment under Rule 59(e) are "commonly known as 'motions for reconsideration'"); General Order and Guidelines for Civil Cases Before Judge Ketanji Brown Jackson, ECF No. 3, at 7 (discussing motions for reconsideration in connection with, *inter alia*, Rule 59(e)).  In accordance with Rule 59(e), this motion is filed within 28 days of the relevant Order.  *See* Fed. R. Civ. P. 59(e).

*only* asserted basis for withholding those records, the agency continues to refuse to release them to Plaintiff in clear violation of its obligations under the Act.  *See generally* Pl.'s Mot. to Enforce J., ECF No. 41.  Plaintiff raised DOC's conduct with the Court during a status conference and, acting on the Court's suggestion, *see* Minute Order, (Aug. 24, 2018), filed a motion to enforce the Court's March 30, 2018 order granting summary judgment in favor of Plaintiff.

On April 25, 2019, the Court entered an order denying Plaintiff's motion to enforce its summary judgment ruling on the ground that the relief sought by that motion—the disclosure of the requested data files—is "beyond the scope of the Court's prior judgment."  ECF No. 47 at 3.  As set forth in more detail below, the Court's Order denying Plaintiff's motion to enforce is premised on factual errors and fails to account for the Courts' broad authority to enforce the Act.  Moreover, the Court's determination that it need not require DOC to comply with Plaintiff's Request leaves him with no obvious path forward.  Mr. Yanofsky submitted a valid FOIA request, exhausted available administrative remedies, and filed a complaint that expressly alleged, *inter alia*, that DOC was unlawfully withholding responsive records Plaintiff is entitled to under the Act and expressly sought an order requiring DOC to release those records.  The Court, after rejecting the *sole* argument asserted by DOC for withholding the data files at issue, granted Plaintiff's motion for summary judgment in its entirety.  There are no FOIA exemptions at issue in this case, and any additional arguments DOC may proffer for refusing to release the records now are foreclosed by its failure to raise them during summary judgment proceedings.  Thus, for the reasons stated herein, Plaintiff respectfully asks the Court to reconsider its order denying his motion to enforce the Court's order granting summary judgment in his favor, and to require DOC to release the data files that it continues to unlawfully withhold.

**BACKGROUND AND PROCEDURAL HISTORY**

This case arises from a February 26, 2016 FOIA request submitted by Yanofsky to DOC for data files and related documentation maintained by the agency in connection with its I-92 and I-94 programs (hereinafter, the "Request"). *See Yanofsky v. United States Dep't of Commerce*, 306 F. Supp. 3d 292, 295 (D.D.C. 2018). DOC refused to provide those records to Yanofsky, stating they were being withheld under FOIA's fee-displacement provision and that he was required to pay $173,775 to obtain them. *Id.* at 296. Thereafter, as accurately described by this Court's March 30, 2018 Opinion:

> On May 19, 2016, Yanofsky filed the five-count complaint . . . challenging the DOC's *withholding of the requested records* and its denial of his fee-waiver requests. (*See* Compl., ECF No. 1, ¶¶ 59–91 (claiming Violation of FOIA for Unlawful Withholding of Agency Records (Count I); Violation of FOIA for Failure to Grant Fee Waiver (Count II); Violation of FOIA for Improper Assessment of Fees by Improper Application of 5 U.S.C. § 552(a)(4)(A)(vi) and 15 U.S.C. § 1525 (Count III); Violation of FOIA for Failure to Grant News Media Fee Status (Count IV); and Violation of FOIA for Improper Assessment of Fees Under 15 U.S.C. § 1525 (Count V) ).) Yanofsky's complaint *seeks an order requiring the DOC to disclose records responsive to Yanofsky's request*, as well as a declaration that, *inter alia*, the DOC has improperly assessed the fees it may charge for disclosure of the requested records. (*See* Compl., Request for Relief, ¶¶ 1–6.)

*Yanofsky*, 306 F. Supp. 3d at 297 (italics and underlining added).

On September 29, 2016, DOC moved for summary judgment on all Plaintiff's claims. Mot. For Summ. J., ECF No. 20 at 1. On October 31, Plaintiff filed a cross-motion for summary judgment "as to (1) the DOC's refusal to grant Plaintiff's request for a fee benefit and fee waiver in connection with his February 26, 2016 Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, request *and (2) the DOC's improper withholding of records responsive to that request from Plaintiff*." Mot. For Summ. J., ECF No. 21 at 1 (italics and underlining added).

On March 30, 2018, following briefing and oral argument, this Court entered an order granting Plaintiff's motion for summary judgment in its entirety and denying Defendant's motion

3

for summary judgment in its entirety. Order, ECF No. 29. The Court also issued an opinion accompanying its order, Mem. Opinion, ECF No. 28, and closed this case.

Following the Court's judgment in his favor, Plaintiff filed a motion for attorneys' fees on May 14, 2018, which is still pending before the Court. ECF No. 31. During a Court-ordered status conference on August 24, 2018, Plaintiff's counsel informed the Court that in addition to the ongoing dispute over Plaintiff's attorneys' fees motion, and notwithstanding the Court's grant of summary judgment in Plaintiff's favor, DOC had not provided the records responsive to the FOIA request that was the subject of the Court's judgment. In response, the Court suggested that Plaintiff file a motion to enforce the Court's judgment and, that same day, entered a minute order stating that "[i]n the interest of resolving this matter without further delay" DOC was required to respond to Plaintiff's fee motion by a certain date and that "if necessary, the parties shall also submit a joint proposed briefing schedule pertaining to an anticipated motion to enforce the Court[']s prior judgment in this matter as it relates to the release of records." Minute Order (Aug. 24, 2018). The parties submitted a briefing schedule in accordance with that minute order, which was entered by the Court. Minute Order (Sept. 21, 2019). Thereafter, Plaintiff filed his motion to enforce, ECF No. 41, which was opposed by Defendant, ECF No. 42. Plaintiff filed a reply brief in support of his motion to enforce on December 14, 2018. ECF No. 43.

On April 25, 2019, the Court denied Plaintiff's motion to enforce. ECF No. 47. The Order stated that the relief requested by that motion—requiring DOC to release the requested data files— "is beyond the scope of the Court's prior judgment." *Id.* at 3. It further stated, *inter alia*, that "[t]his Court ruled on this fee-waiver issue, alone, in its summary judgment opinion[,]" that "neither the original complaint nor Yanofsky's summary judgment motion actually addressed any

substantive issues regarding withholdings," and that "Yanofsky's cross- motion for summary judgment . . . focused exclusively on contradicting the agency's fee-waiver analysis." *Id.* at 5–6.[2]

## ARGUMENT

Plaintiff respectfully requests that the Court reconsider its order denying his motion to enforce because it is premised on factual errors, is inconsistent with the scope of the Court's prior opinion and order granting summary judgment in favor of Plaintiff, and fails to account for the Court's broad authority to enforce FOIA. Reconsideration is appropriate when there exists "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (internal quotations and citation omitted). Manifest injustice or clear error can include "legal errors the court made," *Zyko v. Dep't of Defense*, 180 F. Supp. 2d 89, 91 (D.D.C. 2001), or conclusions "premised on factual error[,]" *Ali v. Carnegie Institution of Washington*, 309 F.R.D. 77, 83 (D.D.C. 2015) (citation omitted). As set forth below, those standards are satisfied here.

First, it is factually incorrect that "neither the original complaint nor Yanofsky's summary judgment motion actually addressed any substantive issues regarding withholdings[.]" Order, ECF No. 47 at 6. Yanofsky argued throughout this case that DOC unlawfully withheld specific data files; the DOC's asserted basis for doing so was its argument that various other statutes displaced FOIA's ordinary fee provisions and permitted it to deny access to the requested records until Yanofsky paid exorbitant fees. As the Court recognized in its opinion rejecting DOC's argument, the first count in the Complaint challenges DOC's unlawful withholding of records. *Yanofsky*, 306

---

[2] The Court's opinion in this matter primarily focused on FOIA's fee-*displacement* provision, 5 U.S.C. § 552(a)(4)(A)(vi), and whether the statutes cited by DOC as a basis for withholding the requested records satisfied the requirements of that provision. The Court's opinion did not substantively address FOIA's fee-*waiver* provision, *id.* at § 552(a)(4)(a)(iii). *See Yanofsky*, 306 F. Supp. 3d at 295 n.1 ("The Court's conclusion that the MECEA and Appropriations Act do not displace the FOIA's fee-setting provisions means that the Court need not further opine as to the effect of those statutes on the FOIA's fee-waiver provision.").

5

F. Supp. 3d at 297 (noting "Yanofsky filed the five-count complaint in the instant case, challenging the DOC's *withholding of the requested records* . . ." (emphasis added)); *see also* Compl. ECF No. 1, at ¶¶ 59–63 (Count I, alleging that "Defendant failed to provide access to or copies of records responsive to Plaintiff's Request, in violation of FOIA."). The relief requested in the Complaint expressly includes, among other things, an "order" requiring "Defendant to immediately disclose, in their entirety, all records responsive to Plaintiff's Request[,]" and "a declaration that Plaintiff is entitled to disclosure of the requested records . . . ." *Id.* at 18.

Plaintiff's cross-motion for summary judgment was, accordingly, based on two grounds. It challenged, first, "DOC's refusal to grant Plaintiff's request for a fee benefit and fee waiver in connection with his [FOIA Request]" and, second, "DOC's *improper withholding of records* responsive to that request from Plaintiff." Mot. For Summ. J., ECF No. 21 at 1 (emphasis added). Plaintiff's motion was necessarily informed by DOC's only proffered basis for withholding records, which was that DOC "properly withheld" records *pursuant to* FOIA's fee-displacement provision. *See* ECF No. 20 at 10; *See also* Ex. D to Decl. of Ronald Erdman., ECF No. 20-1 at 17 (denial letter issued by DOC in response to Mr. Yanofsky's Request stating that the I-92 and I-94 Data files were being "*withheld* under 5 U.S.C. § 552(a)(4)(A)(vi)[]" (emphasis added)). Thus, while the "principal" focus of the parties' briefing concerned FOIA's fee provisions, Order, ECF No. 47 at 5, that is because that was the only basis DOC asserted for withholding the requested records from Plaintiff. *See*, *e.g.*, Def.'s Mem. of L., ECF No 20 at 11 (arguing the "I-92 and I-94 Program publications are provided only to those persons and entities that pay the applicable fee."); Pl.'s Mem. of L., ECF No. 21-1 at 6 (arguing that the DOC's position—"that it may *withhold* the records requested by Plaintiff unless and until he pays what the DOC refers to as 'applicable fees[]'"—was erroneous (emphasis added)). Defendants did not dispute a single material fact

6

identified by Plaintiff in support of his summary judgment motion, including that DOC was withholding the data files at issue on this basis. *See* Def.'s Resp. to Pl.'s Statement of Material Facts as to Which there is No Genuine Issue, ECF No. 23-1. Nor did DOC assert any exemption or any other ground for withholding the data files in its motion for summary judgment.

Second, the Court's order on the parties' cross-motions for summary judgment was a broad determination that resolved this case, in its entirety, by rejecting the only basis proffered by DOC for withholding the data files at issue. The Court is empowered to ensure that the agency complies with that ruling. The comprehensive scope of the Court's judgment is demonstrated by the fact that the Court granted Plaintiff's motion for summary judgment in its entirety. *Compare* Pl.'s Mot for Summ J., ECF No. 21 at 1 (moving for summary judgment as to, *inter alia*, "the DOC's improper withholding of records . . .") *with* Order, ECF No. 29 (granting Plaintiff's motion for summary judgment). While the Court's accompanying memorandum opinion centers on whether the statutes identified by DOC satisfied the requirements of FOIA's fee-displacement provision, it did so because that was the *sole* basis offered by DOC for withholding responsive records.[3]

In determining that none of the statutes relied on by DOC were a fee-displacement provision within the meaning of FOIA, the Court necessarily determined that DOC's withholding of the data files requested by Plaintiff was improper. The issues are inextricably intertwined, as the Court has noted. *See* Order, ECF No. 47 at 5. Indeed, when Plaintiff's counsel raised the issue of DOC's continued withholding of records at the August 24, 2018 status conference, it was the Court that suggested that Plaintiff file a motion to enforce the Court's prior order granting summary judgment in Plaintiff's favor. Because the Court's judgment necessarily required DOC

---

[3] DOC, notably, did not argue that Plaintiff's motion to enforce asked for relief outside the scope of the Court's prior order. It premised its opposition to Plaintiff's motion to enforce instead on the incorrect claim that it has "provided all responsive records to Plaintiff." Def.'s Opp., ECF No. 42, at 3.

to comply with Plaintiff's FOIA Request—by rejecting the only basis for DOC's withholding of responsive records—the Court can and should enter an order enforcing that judgment and requiring DOC to immediately release the records at issue. *See*, *e.g.*, *Flaherty v. Pritzker*, 17 F. Supp. 3d 52, 55 (D.D.C. 2014) (noting that district court's exercise of its authority to enforce is "particularly appropriate when a case returns to a court on a motion to enforce the terms of its mandate to an administrative agency." (internal quotation and citation omitted)).

Finally, the Court is broadly empowered to enforce the Act, which it should do to promote finality, efficiency, and the public's interest. As the D.C. Circuit has explained, FOIA "vests courts with broad equitable authority[,]" the exercise of which is especially important "where, as here, federal law is at issue and the public interest is involved, [as] a federal court's equitable powers assume an even broader and more flexible character than when only a private controversy is at stake." *Citizens for Responsibility & Ethics in Washington v. United States Dep't of Justice*, 846 F.3d 1235, 1241 (D.C. Cir. 2017) ("*CREW*") (internal quotations and citations omitted, alteration in original). The D.C. Circuit has also emphasized the importance of "efficient, *prompt,* and full disclosure of information[]" in cases arising under FOIA, *Maydak v. U.S. Dep't of Justice*, 218 F.3d 760, 764 (D.C. Cir. 2000) (emphasis in original), and a prior decision from this District has looked to that purpose in enforcing FOIA against an agency following remand for compliance with a request. In *Public Citizen, Inc. v. Department of Education*, Judge Huvelle granted a motion to enforce her judgment rejecting the agency's exemption claim. 292 F. Supp. 2d 1 (D.D.C. 2003). That motion to enforce—and the court's resulting opinion and order—resolved issues not squarely addressed in the original memorandum opinion, including the agency's treatment of the requestor's fee waiver and the sufficiency of the

agency's search.  *Compare id. with* Mem. Opinion, ECF No. 27, *Public Citizen, Inc. v. Dep't of Educ., et al.*, No. 01-2351 (Jun. 17, 2002).  In discussing the former, the court noted that:

> Just as allowing an agency to assert its exemption claims at different times during the course of litigation frustrates the efficient and prompt administration of FOIA, allowing defendants now to argue for the first time that plaintiff must pay fees would likewise frustrate these goals, as well as deprive plaintiff of its right to administrative and judicial review of such a denial.

*Id.* at 5.

Here, likewise, the Court has the authority to ensure DOC complies with its obligations with respect to Plaintiff's FOIA request, even if its prior opinion did not expressly direct the agency to turn over the responsive records.  Its broad, equitable authority enables it to ensure that Plaintiff is not deprived of his statutory rights, including judicial review of DOC's continued non-compliance with the Act.  *CREW*, 846 F.3d at 1241; *Pub. Citizen*, 292 F. Supp. 2d at 4–8.  Issuing an order requiring DOC to release the requested records would promote the "efficient and prompt administration of FOIA," *Pub. Citizen*, 292 F. Supp. 2d at 5, and make clear that the agency cannot hide "information and records that . . . rightfully belong to the public[.]"  *Yanofsky*, 306 F. Supp. 3d at 293.

Absent relief from the Court, Plaintiff is left unsure how to enforce his statutory right of access to the data files he requested—and is entitled to—under FOIA.  As noted above, he has already made a valid FOIA request for the I-92 and I-94 data files, exhausted his administrative remedies, filed a complaint alleging that DOC was unlawfully withholding responsive records, and been granted summary judgment in his favor.[4]  There are no exemptions for the parties to brief

---

[4] If the Court interprets its prior judgment as "not reach[ing] the issue of the agency's production obligation at all[,]" Order, ECF No. 47 at 6, then the Court's judgment could only have been for partial summary judgment, and the case should be reopened because Plaintiff has an outstanding claim that has yet to be adjudicated.  *See* Compl., ECF No. 1, at ¶¶ 59–63 (Count I).

or the Court to adjudicate—the only thing left is for the DOC to turn over the requested records, which it has steadfastly refused to do.

## CONCLUSION

For all the reasons stated herein, Plaintiff respectfully requests that the Court reconsider its Order denying Plaintiff's Motion to Enforce Judgment, and enter the attached proposed order granting that motion and requiring DOC to immediately provide Plaintiff with the data files responsive to his FOIA Request.

Dated: May 16, 2019

                                      Respectfully submitted,

                                      /s/ Katie Townsend
                                      Katie Townsend
                                      DC Bar No. 1026155
                                      Adam A. Marshall
                                      DC Bar No. 1029423
                                      THE REPORTERS COMMITTEE FOR
                                      FREEDOM OF THE PRESS
                                      1156 15th St. NW, Suite 1020
                                      Washington, DC 20005
                                      Phone:  202.795.9300
                                      Facsimile:  202.795.9310
                                      Email:  ktownsend@rcfp.org
                                      Email:  amarshall@rcfp.org

                                      *Counsel for Plaintiff*